[Civ. No. 16435. First Dist., Div. One. June 28, 1955.]

MARIE A. KEENAN, Respondent, v. JOHN M. DEAN, Appellant.

J. Joseph Sullivan for Appellant.

Vincent H. O'Donnell and Fredrik S. Waiss for Respondent.

PETERS, P. J.—Defendant appeals from an order striking his cross-complaint from the files.

The record shows the following: Plaintiff brought an action in the municipal court against defendant for unlawful detainer, praying for restitution of certain leased premises and for $205 in unpaid rent. This complaint was signed October 22, 1953, but was not filed until July 8, 1954. Defendant, by answer, alleged that on March 31, 1954, he had offered, and plaintiff had accepted, a surrender of the premises. Defendant also cross-complained against plaintiff and certain unidentified Does for libel, alleging that on September 10, 1953, plaintiff, through her attorney, had written to the Fair Rent Committee in regard to a hearing involving the raising by plaintiff of defendant's rent and his refusal to vacate that Dean had said "that he would refuse to vacate the apartment and that it would be a difficult process to get an attorney out of it"; that on October 6th and 7th of 1953, plaintiff caused to be written and published in a daily newspaper covering the Fair Rent Committee hearings that Dean refused to vacate the premises with the comment that "it would be very difficult to force a lawyer to move out"; and that plaintiff meant thereby that defendant "would, and did, in violation of his duty as an attorney-at-law, employ means not consistent with the truth; would and did, mislead a judge . . . by artifice and by false

statements of law; would, and did, engage in methods of the practice of the law in other than ethical methods''; and that said publication was false and defamatory. It is averred that defendant's reputation had been injured thereby and that he had suffered shame, mortification, and hurt feelings for which he asked $25,000 general damages and $25,000 exemplary damages.

Pursuant to the provisions of section 396 of the Code of Civil Procedure the cause was properly transferred to the superior court. No appearance or service was made by or on the fictitious parties. The plaintiff moved to strike the cross-complaint from the files, on the ground that the cause of action was not a proper ground of cross-complaint in this action, and because the cross-complaint did not state facts sufficient to constitute a cause of action. This motion was granted by the trial court on the first ground. Defendant appeals from this order.

The first question to be determined is whether the order involved is an appealable order. In the normal situation where the complaint and cross-complaint are both filed in the superior court an order striking a cross-complaint is a nonappealable order, being like most orders relating to the pleadings, interlocutory in nature and, as such, reviewable only on the appeal from the final judgment.

This rule is well settled in this state. (*Yandell* v. *City of Los Angeles*, 214 Cal. 234 [4 P.2d 947]; *Sjoberg* v. *Hastorf*, 33 Cal.2d 116 [199 P.2d 668]; *Evans* v. *Dabney*, 37 Cal.2d 758 [235 P.2d 604]; *Wood* v. *Metzenbaum*, 90 Cal.App.2d 533 [203 P.2d 105]; *Pritchard* v. *King*, 104 Cal.App. 460 [285 P. 1086]; *Stockton etc. Works* v. *Glen's Falls Ins. Co.*, 98 Cal. 557 [33 P. 633]; see also 3 Witkin on California Procedure, p. 2154, § 13.) This rule is also applicable to an order striking a counterclaim. (*Merchants Nat. Bank* v. *Clark-Parker Co.*, 97 Cal.App. 757 [276 P. 387].) If, however, the cross-complaint joins new parties, or names a codefendant a cross-defendant, the general rule is not applicable. In such a situation ''the dismissal of the cross-complaint is a final adverse adjudication of the cross-complainant's rights against a distinct party, and the order is an appealable judgment.'' (3 Witkin on California Procedure, p. 2154, § 13; see *Herrscher* v. *Herrscher*, 41 Cal.2d 300 [259 P.2d 901]; *County of Humboldt* v. *Kay*, 57 Cal.App.2d 115 [134 P.2d 501]; *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39]; *Young* v. *Superior Court*, 16

Cal.2d 211 [105 P.2d 363]; *Halterman* v. *Pacific Gas & Elec. Co.*, 22 Cal.App.2d 592 [71 P.2d 855].)

The instant case does not fall within this exception to the general rule because the cross-complaint involves only the defendant and plaintiff. While the defendant joined in his cross-complaint certain Does not parties to the complaint, these Does were not served nor did they appear. Obviously, the order striking the cross-complaint decided nothing between defendant and the parties who were not served or did not appear. This was the precise holding in *Kennedy* v. *Owen*, 85 Cal.App.2d 517 [193 P.2d 141].

The general rule is based on the theory that the order striking the cross-complaint can be reviewed on appeal from the final judgment. The exception to the rule is based on the theory that as between the defendant and new parties brought in by the cross-complaint the order striking the cross-complaint finally determines the rights between defendant and the new parties. Although, as pointed out, that exception does not here apply, the basic reason for it here exists.

In the instant case the action was commenced in the municipal court and then was properly transferred to the superior court solely because of the cross-complaint. That cross-complaint now has been stricken. All that remains to be tried is the original action properly filed in the municipal court. When that fact is called to the attention of the superior court, under the mandatory provisions of section 396 of the Code of Civil Procedure, it will have to return the case for trial to the municipal court. Neither that court, nor the appellate department of the superior court has power to review the propriety of the ruling of the superior court striking the cross-complaint. Thus, in a very real sense the order striking the cross-complaint was a final order or judgment. The superior court has finally determined that it has no jurisdiction of the proceeding. Unless the propriety of that order can be reviewed on this appeal its propriety cannot be reviewed at all. The order to strike was tantamount to a dismissal of the action on the cross-demand (*Herrscher* v. *Herrscher*, 41 Cal.2d 300 [259 P.2d 901]), and, under the circumstances, was a judgment within the meaning of section 581a of the Code of Civil Procedure. (See *Costa* v. *University of California*, 103 Cal.App.2d 491 [229 P.2d 867].) Since the propriety of such judgment cannot otherwise be reviewed it is necessarily a final judgment and therefore appealable.

On the merits, the first question presented is whether the

cause of action for libel constituted a proper ground of cross-complaint. Of course, a cause of action for libel cannot be set up in an unlawful detainer action, and the parties are agreed that this is so. But it is equally clear, under the allegations of the answer, that since the premises were surrendered prior to the filing of the action, the issue of possession was removed from the case and the action became one for money damages. (*Servais* v. *Klein,* 112 Cal.App. 26 [296 P. 123]; *Heller* v. *Melliday,* 60 Cal.App.2d 689 [141 P.2d 447].) Plaintiff concedes that this is so.

Section 442 of the Code of Civil Procedure provides in part: "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, . . . he may, in addition to his answer, file at the same time, . . . a cross-complaint." It is argued with some merit that the libel cause of action does not "relate" to or "depend" upon the "transaction" set forth in the complaint, in that there is not the necessary relation between the two causes of action, and therefore that the trial court properly ruled that the cause of action set forth in the cross-complaint was not a proper ground of cross-complaint. (See generally *California Trust Co.* v. *Cohn,* 214 Cal. 619 [7 P.2d 297]; *Hanes* v. *Coffee,* 212 Cal. 777 [300 P. 963]; *Morris* v. *Warner,* 207 Cal. 498 [279 P. 152].) But even if it be so held, such holding would not necessarily be determinative of this appeal. If the pleading of defendant can be construed as a proper counter-claim then it was error to strike it from the files. The counter-claim statute is much broader than the cross-complaint statute. Section 438 of the Code of Civil Procedure simply requires that the "counterclaim . . . must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action; . . ." Under section 666 of the Code of Civil Procedure "If a counterclaim, . . . exceed the plaintiff's demand, judgment for the defendant must be given for the excess; . . ." Certainly it cannot be doubted that the libel cause of action, if established, would tend "to diminish or defeat the plaintiff's recovery." On this there can be no doubt. Therefore, even if it be assumed that the pleading is not a proper cross-complaint, defendant's pleading was proper as a counterclaim unless his designation of it as a "cross-complaint" prohibits him from now urging the point.

194

■ It is well settled law that the courts will disregard the label given a pleading by the parties, and will determine the real nature of the pleading from its allegations. In *Robertson v. Maroevich,* 42 Cal.App.2d 610, 616 [109 P.2d 708], it was stated: "Respondent designated his pleading as, 'Answer to Complaint, and Cross-Complaint.' However, the nature of a pleading will be determined from its allegations regardless of its designation. (*Terry Trading Corp.* v. *Barsky,* 210 Cal. 428 [292 P. 474]; *Cornblith* v. *Valentine,* 211 Cal. 243 [294 P. 1065].) This pleading, although designated a cross-complaint, is probably a counterclaim, since it, like the complaint, prays for a money judgment. (*Luse* v. *Peters,* 219 Cal. 625 [28 P.2d 357].) The only importance, so far as this proceeding is concerned, as to whether the pleading is a counterclaim or cross-complaint is that a cross-complaint must relate or depend 'upon the contract, transaction, matter, happening or accident upon which the action is brought' (Code Civ. Proc., § 442), while a counterclaim, under section 438 of that code, need only 'tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action.' A counterclaim no longer need be related to, or connected with, the cause of action set up in the complaint. (*Terry Trading Corp.* v. *Barsky, supra; Luse* v. *Peters, supra.*) This becomes important because section 439 of the Code of Civil Procedure as amended in 1939, *supra,* requires the cause to be transferred to the superior court when any counterclaim in excess of the jurisdiction of the municipal court is filed. It is not required under that section, as it is by section 396 of the Code of Civil Procedure quoted, *supra,* that the counterclaim arise 'out of the transaction set forth in the complaint.' If the questioned pleading is a counterclaim, then under section 439 of the Code of Civil Procedure the municipal court properly transferred the cause to the superior court, and the latter court clearly had jurisdiction of the subject matter, whether or not the transaction set forth in the counterclaim arose out of, or was connected with, the transaction set forth in the complaint." (See also *Farish* v. *Brown,* 111 Cal.App.2d 306 [244 P.2d 484]; *Schrader* v. *Neville,* 34 Cal.2d 112 [207 P.2d 1057]; *Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389 [217 P.2d 968].)

■ Inasmuch as the pleading at least states a good cause by way of counterclaim it was error to strike it from the files on the ground given by the trial court.

The motion to strike was also predicated on the ground that the "cross-complaint does not state facts sufficient to constitute a cause of action." Although the trial court did not grant the motion on this ground, that does not preclude the plaintiff from urging it in support of the order appealed from. (*Campbell* v. *Bauer*, 104 Cal.App.2d 740 [232 P.2d 590]; *Evarts* v. *Jones*, 104 Cal.App.2d 109 [231 P.2d 74]; *Sears* v. *Rule*, 27 Cal.2d 131 [163 P.2d 443].)

While it is true that a motion to strike cannot be used to serve the purpose of a special demurrer (2 Witkin on California Procedure, p. 1504, § 511), and while there is a dictum, at least that it cannot be used in place of a general demurrer (*Allerton* v. *King*, 96 Cal. App. 230 [274 P. 90]), it is obvious that if this pleading not only does not state a cause of action, but cannot be amended so as to state a good cause of action, it would be an idle gesture to reverse the order appealed from. Under such circumstances, if it was error to use the motion to strike as a general demurrer, such error would be nonprejudicial.

It is quite apparent that this "cross-complaint," which we have held is in fact a counterclaim, as a matter of law, does not state, and cannot be amended to state, a cause of action for libel. The charge is that defendant stated on two occasions that he would refuse to vacate and that it would be very difficult to force a lawyer to move out. Certainly those words, standing alone, cannot be interpreted to mean that plaintiff was charging that defendant had stated that he would use unprofessional tactics. In the first instance, it is a question of law as to whether the words used are susceptible reasonably of a defamatory meaning. Unless the words used can reasonably be understood in a defamatory sense, the innuendo pleaded cannot aid the pleader. (*des Granges* v. *Crall*, 27 Cal.App. 313 [149 P. 777]; *Mellen* v. *Times-Mirror Co.*, 167 Cal. 587 [140 P. 277, Ann.Cas. 1915C 766]; *Vedovi* v. *Watson & Taylor*, 104 Cal.App. 80 [285 P. 418].)

In the instant case the only reasonable interpretation of the words used is that defendant had stated that he would use all legal means in resisting the eviction. Reasonable men could not interpret the words in any other way. This being so, the order striking the pleading should not be reversed.

The order striking the "cross-complaint" is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.