[No. F009368. Fifth Dist. Dec. 23, 1988.]

MICHAEL UPTAIN, Plaintiff and Appellant, v.
ALBERT A. DUARTE et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Arthur C. Kralowec for Plaintiff and Appellant.

Albert A. Duarte, in pro. per., and Duarte & Reyes for Defendants and Respondents.

OPINION

FRANSON, P. J.—

### THE CASE

Appellant filed a complaint in superior court alleging that respondents breached an oral agreement to sell office furniture. This complaint contained both a cause of action for breach of contract seeking damages in the amount of $2,000 and a cause of action for "bad faith breach of contract" seeking punitive damages in the amount of $30,000 and attorney's fees.

Respondents moved for partial judgment on the pleadings alleging there was no statutory or written agreement between the parties allowing for attorney's fees and that the punitive damages requested in count II were inappropriate as a matter of law.

The trial court granted partial judgment on the pleadings which, in effect, dismissed the second cause of action without leave to amend. Finding that the first cause of action remained intact and that the prayer under that cause of action was within the municipal court's jurisdiction, the trial court ordered the matter transferred to the municipal court.

Appellant moved for reconsideration, and respondents moved for sanctions. Both motions were denied. Appellant appeals "from the granting of the defendants' Motion for Partial Judgment on the Pleadings and the denial of the plaintiff's Motion for Reconsideration entered on September 14, 1987."

### THE FACTS

■ Since the motion for judgment on the pleadings performs the function of a general demurrer, it admits all material and issuable facts pleaded. (*Barker* v. *Hull* (1987) 191 Cal.App.3d 221, 224 [236 Cal.Rptr. 285].) Thus, this court must deem the following facts alleged in the complaint to be true.

When respondents, practicing attorneys, were vacating an office which appellant, a certified public accountant, was moving into to start an accounting practice, respondents offered to sell the majority of their office furniture and equipment to appellant. Appellant and respondents orally agreed that appellant would buy these items for $2,500.

The day before the move was to be completed, respondents received a check for $2,500 from appellant. However, the following day, respondents

attempted to withdraw from their bargain indicating that they sold the items too cheaply and requested more money. Appellant refused to accept the return of his check and informed respondents that he would hold them to their bargain since he needed that furniture to open his business. Respondents kept the check and told appellant they would honor their agreement.

The next day, a Sunday, respondents "deliberately and maliciously" took all the merchandise they had sold to appellant, hauled it away and hid it from him. Appellant further alleged that respondents "breached the covenant of good faith and fair dealing . . . by *denying the existence* . . . of the contract." (Italics added.) Appellant was therefore forced to spend $4,500 for replacement furniture and equipment in order to open his office.

## DISCUSSION

I. *The order granting partial judgment on the pleadings was tantamount to a final judgment of dismissal and is an appealable order.*

■ The right of appeal is wholly statutory. (*People* v. *Cimarusti* (1978) 81 Cal.App.3d 314, 318 [146 Cal.Rptr. 421].) Thus, in general, no judgment or order is appealable unless it comes within one of the classes enumerated in the statutes. (*Ibid.*) An order granting partial judgment on the pleadings is not among those interlocutory orders which Code of Civil Procedure section 904.1 makes appealable. Further, it has been held that no appeal lies from an order sustaining a demurrer without leave to amend. (*Youngblood* v. *Board of Supervisors* (1978) 22 Cal.3d 644, 651 [150 Cal.Rptr. 242, 586 P.2d 556].) As noted above, the same rules apply to both demurrers and motions for judgment on the pleadings. (*Sofias* v. *Bank of America* (1985) 172 Cal.App.3d 583, 586 [218 Cal.Rptr. 388].)

This general rule is based on the theory that the interlocutory order can be reviewed on appeal from the final judgment. (Cf. *Keenan* v. *Dean* (1955) 134 Cal.App.2d 189, 192 [285 P.2d 300].) Here, however, after granting respondents' motion, the court ordered the case transferred to the municipal court. Thus, the superior court relinquished jurisdiction over the proceeding.

A similar situation arose in *Keenan* v. *Dean, supra,* 134 Cal.App.2d 189. There, the superior court dismissed the defendant's cross-complaint and thereafter transferred the case to the municipal court. The *Keenan* court noted that, although generally an order striking a cross-complaint involving only the defendant and the plaintiff is a nonappealable order, in this case the propriety of the superior court's ruling striking the cross-complaint could

not otherwise be reviewed because neither the municipal court nor the appellate department of the superior court would have power to review that ruling. (*Id.* at pp. 191-192.) The court held that in this situation the order to strike was tantamount to a final judgment of dismissal and therefore appealable. (*Id.* at p. 192.)

This reasoning is applicable here. ■ Since an appeal from a judgment on the breach of contract cause of action rendered in the municipal court would be taken to the appellate department of the superior court, which does not have the power to review the propriety of the superior court's order granting partial judgment on the pleadings (Code Civ. Proc., § 77, subd. (e), § 906), that superior court order must be reviewed on this appeal or it will not be reviewed at all. As in *Keenan,* "[t]he superior court has finally determined that it has no jurisdiction of the proceeding." (*Keenan* v. *Dean, supra,* 134 Cal.App.3d at p. 192.) Thus, in effect, the order granting partial judgment on the pleadings was a final judgment of dismissal as to the second cause of action for bad faith breach of contract. That order is therefore appealable.

II. *The trial court erred in dismissing appellant's cause of action for "bad faith breach of contract."**

. . . . . . . . . . . . . . . . . . . . .

The judgment is reversed.

Hamlin, J., and Stone (W. A.), J., concurred.

---

*See footnote, *ante,* page 1258.