[No. E006796. Fourth Dist., Div. Two. Nov. 15, 1990.]

COMMITTEE FOR RESPONSIBLE PLANNING et al., Plaintiffs and Appellants, v.
CITY OF INDIAN WELLS et al., Defendants and Respondents.

**COUNSEL**

Cynthia Ludvigsen for Plaintiffs and Appellants.

Rutan & Tucker, Leonard A. Hampel, Dan Slater, McDonough, Holland & Allen, T. Brent Hawkins, Kathryn A. Hoover and William J. Adams, City Attorney, for Defendants and Respondents.

OPINION

DABNEY, Acting P. J.—This controversy arises from the City of Indian Wells' approvals for and adoption of redevelopment plans and environmental impact reports (EIRs) for the Roadrunner Redevelopment Project Area (Roadrunner project) and Consolidated Whitewater Redevelopment Project Area (Whitewater project).[1] Appellant, Committee for Responsible Planning (Committee), appeals from judgments entered by stipulation between respondents, the City of Indian Wells, its redevelopment agency, and the individual members of its city council and redevelopment agency (referred to collectively herein as Indian Wells) and the City of Palm Springs (Palm Springs) in actions to challenge the validity of the redevelopment projects. The Committee asks us to vacate the judgments on the grounds that validation actions are in rem and require a single judgment on the merits; the judgments violate provisions of the redevelopment plans; and the judgments call for use of tax increment revenues for impermissible purposes.

FACTS

Following Indian Wells' adoption of the Roadrunner and Whitewater projects, five actions were brought pursuant to Health and Safety Code section 33501 under the procedures set forth in Code of Civil Procedure, sections 860 et seq.[2] (the validation statutes) to challenge the validity of those projects. The City of Palm Desert (No. I51310) contested the validity of the Roadrunner project on the grounds that (1) Indian Wells did not comply with provisions of the California Environmental Quality Act (CEQA) in preparing and certifying the EIR for the Roadrunner project; (2) the evidence was insufficient to support the findings that the project area was predominantly blighted urban area as required under state redevelopment laws; and (3) Indian Wells failed to follow required procedures. Palm Springs (No. I51330) raised similar challenges to both projects. Coachella Valley Recreation and Park District (No. I51384) and Coachella Valley Mosquito Abatement District (No. I51385) filed complaints which alleged that the land within the projects was not a blighted urban area, and the

---

[1] Other aspects of the same matter have previously been before this court. In this case we filed an order on March 12, 1990, dismissing the Friends of Indian Wells' (FIW) appeal on the ground that FIW was not a party in the trial court and failed to become a party for the purpose of appealing the judgment under the method provided in Code of Civil Procedure section 663. In No. E006038 (consolidated with No. E006124) we filed an opinion on February 14, 1990, affirming the trial court's order striking FIW's pleadings in the underlying action.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

projects would therefore result in illegal diversion of tax revenues from other taxing entities to nonblighted areas. The Committee (No. I51591) challenged the Whitewater project on the grounds of inconsistency with Indian Wells' general plan, inadequate notice, CEQA violations and insufficient evidence to support the findings of blight and urbanization of the project area.

Palm Springs' action was answered by Indian Wells, the County of Riverside, several individual owners of property within the Whitewater project area and Sunrise Company, a real estate developer, as interested parties. Palm Springs answered the complaints of the City of Palm Desert and the special districts as an interested party, but did not answer the Committee's complaint. The Committee did not answer the complaints in the other actions.

The trial court ordered the five actions consolidated for trial.[3] The special districts and the individual property owners were later dismissed as parties in No. I51330.

Indian Wells and Palm Springs entered into a stipulated settlement in which Palm Springs agreed to drop its opposition to both projects. In return, Indian Wells agreed to certain limitations on use of tax increment funds from the Roadrunner project and pledged to pay $100,000 to Palm Springs' general fund and $3.4 million to Palm Springs' Airport Redevelopment Project from those tax increment funds.

In each of the actions except the one filed by the Committee (No. I51591), Palm Springs requested entry of judgment pursuant to the stipulation. The Committee opposed the requests on the grounds that the judgments were invalid because (1) a validation action is an action in rem which requires a single judgment; and (2) under principles of res judicata, the judgments would bind the other parties to the actions even as to issues not specifically addressed in the judgments. The Committee did not challenge

---

[3] The order stated: "Whereas it appears to the Court that the consolidated lawsuits share common issues and that it would result in economy of trial time and a convenience to the witnesses to the common issues, now therefor

"IT IS ORDERED

"1. That the following cases: Case Nos. Indio 51310, 51330, 51384, 51385 and 51591 are ordered to be tried together in a single trial; and

"2. That each case is to retain its separate identity, separate Findings, separate Verdict and separate Judgment; and

"3. That each paper to be filed shall be filed in its own file and in no other; and

"4. That the trial judge at the time of trial or during trial may order separate trials on any issue that does not have commonality, or sufficient commonality with the other cases to effect to recited ends sought by this consolidation order."

the judgments on the merits. Over the Committee's opposition, the judgments pursuant to stipulation were entered.[4]

## DISCUSSION

*Appellate Jurisdiction.* ■ The Committee's primary contention in this appeal is that a court may not enter separate judgments as to various parties in validation proceedings because the validation statutes call for consolidation of all challenges and entry of a single judgment to dispose of all issues in the suit. As we discuss below, the validation statutes require all actions brought to challenge a particular decision to be consolidated with the entry of a single judgment. The judgments entered here as to Indian Wells and Palm Springs do not purport to dispose of all issues as to the other parties to the actions.

Lacking a final appealable judgment, we have no jurisdiction. (§ 904.1; *Knodel* v. *Knodel* (1975) 14 Cal.3d 752, 760 [122 Cal.Rptr. 521, 537 P.2d 353].) ■ Section 904.1 allows an appeal to be taken only from a final judgment, not from an interlocutory judgment. The "one final judgment" rule "is designed to prevent oppressive and costly piecemeal disposition and multiple appeals in a single action, and so requires that review of intermediate rulings should await the final disposition of the case. [Citations.]" (*Tinsley* v. *Palo Alto Unified School Dist.* (1979) 91 Cal.App.3d 871, 880 [154 Cal.Rptr. 591].) ■ Lack of a final judgment is a jurisdictional defect, and we have a duty to raise it on our own motion, even if the parties do not. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720].)

*Governing Statutes.* ■ To put the issue in proper context, we first set forth the relevant statutory provisions.

Section 860 states, "A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action . . . to determine the validity of such matter. The action shall be in the nature of a proceeding in rem."

Section 863 permits "any interested person" to bring such an action "within the time and in the court specified in Section 860 to determine the validity of such matter" if the public agency does not do so.

---

[4]The parties remaining in the five actions stipulated to consolidate those actions for all purposes and to continue the trial date until August 1, 1988. The record on appeal does not disclose what further proceedings have occurred in the trial court.

Section 865 states, "If more than one action is pending concerning similar contests which may be brought under this chapter, they shall be consolidated for trial."

Section 870, subdivision (a) provides, *"The judgment . . . shall . . . become and thereafter be forever binding and conclusive, as to all matters therein adjudicated or which at that time could have been adjudicated,* against the agency and against all other persons, and the judgment shall permanently enjoin the institution by any person of any action or proceeding raising any issue as to which the judgment is binding and conclusive." (Italics added.)

*Consolidation of Validation Actions.* Section 865 requires the trial court to "consolidate[] for trial" all actions brought to challenge a particular decision. Palm Springs and Indian Wells contend that the statute means that the actions will be consolidated for trial but not for other purposes, such as entry of judgment. The Committee asserts that in light of the reference in section 870, subdivision (a) to a "judgment" which binds all present and future challengers, section 865 mandates consolidating the actions for entry of judgment as well as trial. The Committee also argues that permitting a separate judgment as to some of the parties to validation actions would defeat the policies on which the validation statutes are based.

*Historical Treatment of Consolidation.* As far as our research has revealed, no court has yet interpreted section 865, which calls for consolidation of validation actions. We therefore turn to the general consolidation statute (§ 1048)[5] to determine what courts have understood consolidation to mean.

Two distinct meanings for the term have emerged. In *Sanchez v. Superior Court* (1988) 203 Cal.App.3d 1391, 1396 [250 Cal.Rptr. 787], the court stated, "There are two types of consolidation: a complete consolidation resulting in a single action, and a consolidation of separate actions for trial. Under the former procedure, which may be utilized where the parties are identical and the causes could have been joined, the pleadings are regarded as merged, one set of findings is made, and one judgment is rendered. In a consolidation for trial, the pleadings, verdicts, findings and judgments are

---

[5] Section 1048, subdivision (a) provides, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Consolidation under section 1048 is permissive, and the trial court granting consolidation must determine whether the consolidation will be for all purposes or will be limited. (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 92 [52 Cal.Rptr. 460, 416 P.2d 492].)

kept separate; the actions are simply tried together for the sake of convenience and judicial economy. (See generally 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 298 et seq.)"

Despite these two meanings, courts have regularly referred to both as consolidation for trial. For instance, in *Clinton* v. *Hogan* (1947) 80 Cal.App.2d 815, 821-822 [183 P.2d 50], the court stated, "Since the two actions were consolidated 'for trial,' . . . there should have been but one set of findings and one judgment, and although separate findings and judgments were made the same operate in favor of the several plaintiffs in the same manner as if plaintiffs had brought a single action [citations]." (See also *Bank of California* v. *Connolly* (1973) 36 Cal.App.3d 350, 363 [111 Cal.Rptr. 468]; *N. C. Roberts Co.* v. *Topaz Transformer Products, Inc.* (1966) 239 Cal.App.2d 801, 805 [49 Cal.Rptr. 209]; *Wolfson* v. *Beatty* (1953) 118 Cal.App.2d 392, 398 [257 P.2d 1017].) In contrast, the courts in other cases have used the term "consolidated for trial" to mean only a joint trial of related issues. (See, e.g., *McFarland* v. *Booker* (1967) 250 Cal.App.2d 402, 415-416 [58 Cal.Rptr. 417.) The term "consolidated for trial" has no fixed meaning which controls the outcome of this case. We thus attempt to determine which meaning would better suit the policies of the validation statutes.

*Purposes of Validation Statutes.* Actions under the validation statutes are in rem. (§ 860.) "A validating proceeding differs from a traditional action challenging a public agency's decision because it is an in rem action whose effect is binding on the agency and on all other persons." (*Millbrae School Dist.* v. *Superior Court* (1989) 209 Cal.App.3d 1494, 1497 [261 Cal.Rptr. 409].) In the context of a challenge to a municipal annexation, the court in *Hills for Everyone* v. *Local Agency Formation Com.* (1980) 105 Cal.App.3d 461 [164 Cal.Rptr. 420], listed the reasons for requiring in rem actions: "Important policy considerations underlie the . . . requirement that a completed annexation be tested by an in rem proceeding under the validating statute. [Fn. omitted.] A uniform procedure for prompt resolution of the validity of a completed annexation by an in rem action is necessary in order to settle any questions respecting the city's jurisdiction over the annexed territory, including any uncertainties respecting the applicable land use regulations, or the city's responsibility to provide police, fire and other municipal services to the area. The procedure prescribed by the validating statute assures due process notice to all interested persons and settles the validity of the annexation once and for all by a single lawsuit." (*Id.*, at pp. 467-468.)

In our view, the same policies require an in rem proceeding to test the validity of a redevelopment plan. The text of section 870 and cases which

have interpreted the validation statutes have placed great importance on the need for a single dispositive final judgment. Yet respondents concede that the judgments entered by stipulation bind no one but the parties to the stipulation.

If, as respondents suggest, a separate judgment could be entered in each action brought to challenge an agency decision, conceivably the court could reach a different conclusion as to each party, depending on the contentions of the various complaints. Here, for instance, the special districts did not plead any causes of action under CEQA. If, however, the trial court determined that only the CEQA challenges were meritorious, the court would have no basis for granting relief in the special districts' actions if separate judgments were permitted.[6] Thus, the court would be forced to rule that the projects were valid in the special districts' actions, but reach the opposite conclusion in the other actions. This would lead to a result which is both absurd and inconsistent with the mandate of section 870 that the judgment be binding on all challengers to the agency action.[7]

Indian Wells relies on *McFarland* v. *Booker, supra*, 250 Cal.App.2d 402 for the position that we should construe the statute as meaning only trials should be conducted together. *McFarland* is distinguishable. In *McFarland*, the plaintiff was involved in two automobile accidents on different dates and commenced two actions for damages. On the plaintiff's motion, the two actions were consolidated under section 1048. (*Id.*, at p. 405.) After the trial court granted one defendant's motion for new trial, the plaintiff contended that the order operated to grant her own motion for new trial in the consolidated action. The appellate court rejected this contention, noting that the liabilities of the tortfeasors were mutually independent, and the actions had been consolidated only for trial of related evidentiary issues. (*Id.*, at pp. 415-416.)

Here, in contrast, the various parties' contentions are not independent, but all relate to the same fundamental issue: the validity of Indian Wells' actions. We therefore conclude that section 865 should be construed to require consolidation for all purposes, including entry of judgment.

This analysis leads us to conclude that the stipulated judgments are merely interlocutory and nonappealable until the consolidated actions are

---

[6] In contrast, in actions consolidated for all purposes, "[w]here an issue affects the rights of all the parties, its presentation in any of the complaints becomes an issue in the consolidated action. [Citation.]" (*N.C. Roberts Co., supra*, 239 Cal.App.2d at p. 821.)

[7] The present case includes the further complication that two separate projects are challenged. The statute would not seem to require consolidation of the challenges to the Roadrunner and Whitewater projects. However, if the trial court determines that it would be expedient, related issues could be tried together and a separate judgment issued as to each project.

tried on the merits. Thereupon, a single final judgment, which may incorporate the stipulation as to Palm Springs and Indian Wells, should be entered.[8]

DISPOSITION

The appeal is dismissed.

Timlin J., and McDaniel J.,* concurred.

---

[8] The Committee urges us both to determine that a single judgment is required and to overturn the stipulated judgments on the merits. However, once we have determined that a single judgment is required, it necessarily follows that the judgments pursuant to stipulation are interlocutory, and we have no jurisdiction over the appeal. We do not reach the issue of the validity of the stipulated judgments.

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.