[No. B072195. Second Dist., Div. Seven. Feb. 17, 1994.]

NIAZ A. YOUSAFZAI, Plaintiff and Appellant, v.
HYUNDAI MOTOR AMERICA et al., Defendants and Respondents.

COUNSEL

Taylor & Hodges and Berta Peterson-Smith for Plaintiff and Appellant.

Hillsinger & Costanzo, William S. Hart, Bruce S. Bolger and Wonkoo Chang for Defendants and Respondents.

## OPINION

**JOHNSON, J.**—In this case the trial court ordered the cause transferred from superior court to municipal court after determining the amount at stake was insufficient for superior court jurisdiction. Plaintiff appealed. We hold this order is reviewable solely through a writ proceeding and thus dismiss the appeal.

### FACTS AND PROCEEDINGS BELOW

Appellant and plaintiff, Niaz A. Yousafzai, purchased a new 1989 Hyundai Excel GLS automobile in April of 1989. The automobile was distributed by defendant and respondent Hyundai Motor America and the purchase was accompanied by various warranties. After the purchase, the appellant returned the automobile to the respondent on at least five occasions for servicing and repairs. Each time the automobile was returned to appellant it

consistently failed to conform to the warranties originally given by the respondent.

Appellant then demanded complete restitution from the respondent. Appellant received no response to his demand.

On February 11, 1991, appellant filed a breach of warranty lawsuit in Los Angeles Superior Court. The complaint contained several causes of action, including breach of implied and express warranties, rescission of contract, and violations of the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act. Respondent filed its answer to the complaint on April 11, 1991.

On April 23, 1992, the parties submitted the case to arbitration. The Song-Beverly Consumer Warranty Act provides the consumer shall recover restitution in an amount equal to the actual price paid to the buyer. The act also provides the warrantor may be assessed civil penalties not to exceed twice the actual damages for a willful violation of the act. Pursuant to the act, the arbitrator awarded to the appellant $14,448.60 in actual damages and $5,000 in civil penalties. Respondent filed a motion for trial de novo on June 1, 1992.

Based on the contention the amount of damages and civil penalties the arbitrator awarded brought the matter within the subject matter jurisdiction of the municipal court, respondent filed a motion to transfer the entire matter to the municipal court on August 19, 1992. The trial court on its own motion considered whether this matter should be transferred to the municipal court and heard extensive oral argument. On August 25, 1992, Judge Joseph R. Kalin ordered the transfer of the case from the Los Angeles Superior Court to the Glendale Municipal Court after determining the matter would result in a verdict below the superior court jurisdictional amount of $25,000.

On November 3, 1992, appellant filed a notice of appeal from the court's order transferring the case, contending the trial court applied the incorrect legal standard while transferring the case and the transfer impairs his right to full recovery under the Song-Beverly Consumer Warranty Act.

DISCUSSION

■ The determinative question in this case is whether an appeal or writ of mandate is the proper vehicle for the Court of Appeal to review a trial judge's order transferring a case from the superior court to the municipal court on grounds the amount recoverable necessarily falls below the jurisdictional standards of superior court. We hold a writ is the exclusive vehicle for review of such transfer orders.

Article VI, section 10 of the California Constitution provides, "Superior courts have original jurisdiction in all causes except those given by statute to other trial courts." Section 86 of the Code of Civil Procedure[1] grants superior courts jurisdiction in civil cases involving sums of more than $25,000 and grants municipal courts jurisdiction in civil cases involving sums of less than $25,000. Moreover, section 396 allows a trial judge to transfer a case to another court if the judge determines the action will necessarily involve questions not within the jurisdiction of the court in which the action is pending.[2]

Prior to 1961, such transfer orders were reviewable on appeal by the appellate courts. Until that time, section 963 specifically provided an order changing the place of trial was appealable. In *Muller* v. *Reagh* (1957) 150 Cal.App.2d 99, 103 [309 P.2d 826], the court held an order transferring a case from the superior court to the municipal court on jurisdictional grounds was appealable as an order changing the place of trial. As a result, prior to 1961 transfer questions were considered appealable in cases such as *Roberts* v. *Western Pac. R. R. Co.* (1951) 104 Cal.App.2d 816 [232 P.2d 560].

However, in 1961 the Legislature amended section 963 to eliminate any appeal from an order changing the place of trial. In its place the lawmakers enacted section 400 authorizing the review of an order changing the place of trial by writ of mandate.

It is true appellate courts occasionally have reviewed transfer questions on appeal even after the 1961 amendments. However, all of these cases are distinguishable. In one way or another they all involve situations where the superior courts eliminated an entire cause of action (or cross-complaint) from the case. The decisions to sever these causes of action therefore were appealable as final judgments because otherwise they could not have been reviewed by any other court. By transferring the remaining cause(s) of action to the municipal court, the superior court left the stricken cause of action in limbo.

For example, in *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732], a superior court sustained a demurrer in a class

---

[1]Unless otherwise indicated, all further references are to the Code of Civil Procedure.

[2]Section 396 provides in pertinent part, "If an action . . . is commenced in . . . a court which has jurisdiction of the subject matter thereof . . . , and it thereafter appears . . . at the trial . . . that the determination of the action . . . will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action or proceeding . . . to a court having jurisdiction thereof . . . ."

action lawsuit on grounds the class action was improper. The superior court transferred the plaintiff's remaining cause of action to the municipal court since that cause of action did not involve stakes qualifying for superior court jurisdiction. On appeal the court held the superior court's transfer order was appealable as a final judgment because the plaintiff's remaining cause of action would be transferred to the municipal court, from which there could be no appeal as to the class action claim. The decision as to that claim having been decided by the superior court resulted in it being beyond the jurisdiction of the appellate department of that same superior court. Yet the only appeal allowed from the cause of action transferred to the municipal court would be to the appellate department.

As the Supreme Court explained in *Daar*: "[The order sustaining the demurrer] determines the legal insufficiency of the complaint as a class suit and preserves for the plaintiff alone his cause of action for damages . . . . If the propriety of such disposition could not now be reviewed, it can never be reviewed . . . . We conclude that the order in the case at bench is in legal effect a final judgment from which an appeal lies . . . ." (67 Cal.2d 695, 699.)

The case at bar is factually distinguishable from *Daar*. Unlike that case, this one involves a routine transfer order based on an appraisal of the value of the very cause of action transferred to the municipal court. It does not involve any severed cause of action nor terminate class action plaintiffs whose claims are immediately appealable as a final judgment.

The conclusion a writ of mandate rather than an appeal is the appropriate mechanism for the Court of Appeal to review a lower judge's transfer order is further strengthened by examining the most recent transfer cases to come before the California appellate courts. In each of these cases, a writ petition was filed by a plaintiff who was dissatisfied with an order transferring a case from the superior court to the municipal court. As a result, the appellate courts have reviewed the most recent transfer cases by way of writ rather than appeal. (*Davis* v. *Superior Court* (1972) 25 Cal.App.3d 596 [102 Cal.Rptr. 238]; *Williams* v. *Superior Court* (1990) 219 Cal.App.3d 171 [268 Cal.Rptr. 61]; *Campbell* v. *Superior* Court (1989) 213 Cal.App.3d 147 [261 Cal.Rptr. 509]; *Andre* v. *Superior Court* (1991) 2 Cal.App.4th 11 [2 Cal.Rptr.2d 815]; *Kent* v. *Superior Court* (1992) 2 Cal.App.4th 1392 [4 Cal.Rptr.2d 21].)

In fact, our own research was unable to find a single case decided after 1961 which was factually similar to the case at bar where a routine transfer order was reviewed by a California appellate court by way of appeal rather

than writ. In almost every instance, transfer questions were reviewed by writ. On those rare occasions where the appellate courts did review transfer questions on appeal, the case always involved a severed cause of action immediately appealable as a final judgment.

Appellant relies on the *Keenan* and *Uptain* cases to support his conclusion transfer cases should be reviewed by way of appeal. In *Keenan* v. *Dean* (1955) 134 Cal.App.2d 189 [285 P.2d 300], plaintiff's motion to strike the defendant's cross-complaint was granted by the lower court. The Court of Appeal held the order striking the defendant's cross-complaint was appealable because the order striking the cross-complaint would lead to the transfer of the cause of action to the municipal court where the superior court's order could not be reviewed. Similarly, in *Uptain* v. *Durante* (1988) 206 Cal.App.3d 1258 [254 Cal.Rptr. 150], the superior court granted partial judgment on the pleadings as to plaintiff's second cause of action, effectively dismissing that entire cause of action. The Court of Appeal held the order granting partial judgment on the pleadings was appealable because the order would result in the transfer of the entire cause of action to the municipal court, where the superior court's order could not be reviewed.

The case at bar is factually distinguishable from both *Keenan* and *Uptain*. While this case involves an appeal from a transfer order, *Keenan* involved an appeal from an order granting a motion to strike a cross-complaint and *Uptain* involved an appeal from an order granting partial judgment on the pleadings. In both cases, these orders involved causes of action other than the one which was transferred to the municipal court. Thus, *Keenan* and *Uptain* have no applicability to the instant case.

The most convincing evidence the Legislature intends to make the writ process the exclusive avenue for review of transfer orders, however, is supplied by the current statutory framework. An examination of the language of the present version of sections 396, 399, and 400 makes it clear the Legislature intends a writ procedure rather than an appeal as the appropriate vehicle for review of transfer orders such as the one entered in this case.

Section 396 provides, "Upon the making of an order for such transfer, proceedings shall be had as provided in section 399 of this code, . . ."[3] Section 399, in turn, treats the section 400 writ procedure as the sole recourse for erroneous transfers. Section 399 provides, "When an order is made transferring an action or proceeding under any of the provisions of this

---

[3]Section 396 provides in pertinent part, "Upon the making of an order for such transfer, *proceedings shall be had as provided in Section 399* of this code, the costs and fees thereof, and of filing the case in the court to which transferred, to be paid by the party filing the

title, the clerk . . . shall, after the expiration of the time *within which a petition for writ of mandate could have been filed pursuant to Section 400* . . . transmit the pleadings and papers therein . . . to the clerk of the court to which the same is transferred."[4] (Italics added.) Section 400 authorizes the review of an order changing the place of trial by writ of mandate and requires that petition to be filed within 20 days.[5]

Notably absent from this statutory scheme is any mention of an appeal of the transfer order or of delaying proceedings while awaiting the time to expire for filing a notice of appeal. Indeed the legislative purpose behind the time frames provided in sections 396, 399 and 400 would be frustrated completely were we to allow dissatisfied parties to appeal the grant of a transfer from superior to municipal court. The proceedings in municipal court could be held up for years while awaiting the outcome of the appeal of the superior court transfer order. It is more than apparent the Legislature is intent on avoiding such delay.

For the above reasons, we hold a writ rather than an appeal is the exclusive vehicle allowing an appellate court to review a trial judge's transfer under section 396 where that transfer is based on an evaluation of the amount recoverable in the cause of action transferred.

### DISPOSITION

The appeal is dismissed.

Lillie, P. J., and Woods (Fred), J., concurred.

---

pleading in which the question outside the jurisdiction of the court appears unless the court ordering the transfer shall otherwise direct." (§ 396, italics added.)

[4]Section 399 provides in pertinent part, "When an order is made transferring an action or proceeding under any of the provisions of this title, the clerk . . . shall, *after expiration of the time within which a petition for writ of mandate could have been filed pursuant to Section 400, or if such petition is filed after judgment denying the writ* becomes final, and upon payment of the costs and fees, transmit the pleadings and papers therein (or if pleadings be oral a transcript of the same) to the clerk of the court to which the same is transferred." (§ 399, italics added.)

[5]Section 400 provides in pertinent part, "When an order is made by the superior court *granting* or denying *a motion to change the place of trial*, the party aggrieved by such an order may, *within 20 days after* service of a written notice of the order, *petition* the court of appeal for the district in which the court granting or denying the motion is situated *for a writ of mandate* requiring trial of the case in the proper court." (§ 400, italics added.)