Opinion
 

 VOGEL (Miriam A.), J.
 

 The issue in this case is whether a writ petition filed in the appellate department of the superior court is the exclusive means
 
 *1109
 
 to obtain appellate review of a municipal court’s order denying a motion to transfer a case to the superior court when that motion is made on the ground that the damages at issue exceed the municipal court’s jurisdiction. We hold that it is not, and that the municipal court’s order denying transfer may be reviewed by the appellate department on appeal from a final, appealable judgment.
 

 Background
 

 In 1990, Hiram Ash sued The Hertz Corporation and Marquita Whitcomb (collectively Hertz) for personal injury and property damages allegedly sustained in a 1989 automobile accident. Hertz was served in 1993, at which time it answered and cross-complained for property damage.
 
 [1]
 
 In March 1994, with trial set for the following month, Ash filed a motion to transfer the case to the superior court on the ground that his damages exceeded $25,000, which was denied.
 
 [2]
 
 In April, Ash filed a petition for a writ of mandate, which was summarily denied by the appellate department of the superior court. In 1995, on Hertz’s motion, the case was dismissed for failure to bring it to trial within five years. (Code Civ. Proc., § 583.310.)
 
 [3]
 
 Ash appealed from the order of dismissal, contending (among other things) that the municipal court should have granted his motion to transfer the case to superior court. The appellate department refused to address the issue, holding that Ash’s exclusive remedy was by way of a petition for a writ of mandate. On Ash’s petition for rehearing (which was denied), the appellate department certified the issue to us for resolution.
 
 [4]
 

 Discussion
 

 A.
 

 Section 396 provides, as pertinent, that “[i]f an action ... is commenced in a court which lacks jurisdiction of the subject matter thereof, . . .
 
 *1110
 
 the action . . . shall not be dismissed ... but shall, on the application of either party, or on the court’s own motion, be transferred to a court having jurisdiction of the subject matter . . . and it shall thereupon be . . . prosecuted in the court to which it is transferred as if it had been commenced therein . . . .” Superior courts have jurisdiction in civil cases involving $25,000 or more, municipal courts when the amount in controversy is less than $25,000. (§ 86.)
 

 In cases involving the flip side of what happened here—that is, where a case is filed in the superior court and a party seeks transfer to the municipal court on the ground that the damages in controversy are below the superior court’s jurisdictional threshold—appellate review is available to the party aggrieved by the superior court’s ruling by way of a petition for a writ of mandate filed in our court. (§ 400 [“When an order is made by the superior court granting or denying a motion to change the place of trial, the party aggrieved by such order may . . . petition the court of appeal. . . for a writ of mandate requiring trial of the case in the proper court. . . .”].)
 
 Yousafzai
 
 v.
 
 Hyundai Motor America
 
 (1994) 22 Cal.App.4th 920, 922 [27 Cal.Rptr.2d 569], holds that the writ procedure authorized by section 400 is the
 
 exclusive
 
 avenue for
 
 interlocutory
 
 appellate review of the order deciding whether the case falls below the jurisdictional limits of the superior court. Accordingly, we know that when the case originates in superior court, the party aggrieved by the court’s transfer order may not appeal
 
 from that order.
 
 It is important to note, however, that
 
 Yousafzai
 
 does not hold (or even consider) whether the transfer order would be subject to review on an appeal from the final judgment.
 

 B.
 

 The law with regard to municipal court transfer orders is the same—a writ petition is the proper means for obtaining interlocutory appellate review when the municipal court grants or denies a motion to transfer based upon the amount in controversy
 
 (Cal. Emp. etc. Com.
 
 v.
 
 Municipal Ct.
 
 (1944) 62 Cal.App.2d 781, 787 [145 P.2d 361]), and that order is not appealable
 
 (Milliken
 
 v.
 
 Gray
 
 (1969) 276 Cal.App.2d 595, 600 [81 Cal.Rptr. 525]). As is the case with the superior court transfer orders, no case or statute tells us whether the issue may, alternatively or additionally, be raised on appeal from the final judgment.
 

 C.
 

 Ash contends the issue is jurisdictional and that it may therefore be raised at any time. We agree.
 

 
 *1111
 
 As our Supreme Court explained in
 
 Abelleira
 
 v.
 
 District Court of Appeal
 
 (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715], “[l]ack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties. [Citation.] Familiar to all lawyers are such examples as these: A state court has no jurisdiction to determine title to land located outside its territorial borders, for the subject matter is entirely beyond its authority or power. [Citation.] A court has no jurisdiction to adjudicate upon the marital status of persons when neither is domiciled within the state. [Citations.] A court has no jurisdiction to render a personal judgment against one not personally served with process within its territorial borders .... A
 
 court has no jurisdiction to hear or determine a case where the type of proceeding or the amount in controversy is beyond the jurisdiction defined for that particular court by statute or constitutional provision.
 
 [Citation.]” (Italics added; see also
 
 Schwenke v. J & P Scott, Inc.
 
 (1988) 205 Cal.App.3d 71, 78 [252 Cal.Rptr. 91] [a court lacks jurisdiction in the “strict sense” where the amount in controversy exceeds jurisdictional limits].)
 

 Because we are dealing with jurisdiction in the strict sense, the municipal court’s refusal to transfer may be reviewed on appeal from the final judgment entered in the case. Although it is true that no case has said this in so many words, they have done just that and their actions speak loudly in support of the result we reach today. (See
 
 Cook
 
 v.
 
 Winklepleck
 
 (1936) 16 Cal.App.2d Supp. 759, 768 [59 P.2d 463];
 
 Cowles
 
 v.
 
 City of Oakland
 
 (1959) 167 Cal.App.2d Supp. 835, 841 [334 P.2d 1069]; cf.
 
 Eveleth
 
 v.
 
 American Brass & Iron Foundry
 
 (1962) 203 Cal.App.2d 41 [21 Cal.Rptr. 95];
 
 Linnick
 
 v.
 
 Sedelmeier
 
 (1968) 262 Cal.App.2d 12 [68 Cal.Rptr. 334]; 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 390, pp. 993-994 [a refusal to transfer may be reviewed on appeal from the judgment
 
 or
 
 by prohibition
 
 or
 
 mandamus].)
 

 We reject Hertz’s contention that
 
 Yousafzai
 
 v.
 
 Hyundai Motor America, supra,
 
 22 Cal.App.4th 920, supports the appellate department’s conclusion that the transfer order may
 
 not
 
 be reviewed on appeal from a final judgment. As noted above,
 
 Yousafzai
 
 was concerned only with an appeal from the transfer order itself, and the court never considered whether a superior court’s transfer order could be reviewed on appeal from the superior court’s final judgment, nor did it consider the jurisdictional aspects of the issue. To the contrary,
 
 Yousafzai
 
 decided the narrow issue before it and based its decision on a statute that applies only to superior courts and
 
 not
 
 to municipal courts, section 400, which expressly provides for writ review “[w]hen an order is made by the
 
 superior court
 
 granting or denying a motion to change
 
 *1112
 
 the place of trial. . . (Italics added; and see
 
 Yousafzai
 
 v.
 
 Hyundai Motor America, supra,
 
 22 Cal.App.4th at pp. 925-926.)
 
 [5]
 

 Accordingly, we hold that where, as here, a motion is made to transfer a municipal court case to superior court on the ground that the amount in controversy exceeds the municipal court’s jurisdiction and that motion is denied, the party aggrieved may obtain appellate review on appeal from the final judgment entered by the municipal court.
 
 [6]
 
 Unless the issue has been resolved by a written opinion
 
 (Kowis
 
 v.
 
 Howard
 
 (1992) 3 Cal.4th 888, 891 [12 Cal.Rptr.2d 728, 838 P.2d 250] [a summary denial of a writ petition is not the law of the case]), it is immaterial whether earlier review was sought by a petition for a writ of mandate or other extraordinary relief.
 

 Disposition
 

 The judgment of the appellate department is reversed insofar as the transfer issue is concerned, and the cause is remanded to that court to reconsider that issue on the merits. In all other respects, the judgment of the appellate department is affirmed. The parties are to pay their own costs of these proceedings.
 

 Spencer, P. J., and Masterson, J., concurred.
 

 A petition for a rehearing was denied April 14, 1997, and appellant’s petition for review by the Supreme Court was denied June 18, 1997.
 

 [1]
 

 A
 
 car driven by Ash collided with a Hertz car driven by Whitcomb. The damage to the car cost $214.62 to repair.
 

 [2]
 

 Ash claimed that when he telephoned his physician right after the accident, the physician “directed” him to take Motrin, an over-the-counter analgesic. According to Ash’s motion, the Motrin caused his chronic ulcer condition to flare up, a side effect he claimed was unknown in 1989 (which is not so, according to Hertz’s evidence). Although he has never quite said so, Ash apparently believes that the aggravation of his ulcer was Hertz’s fault.
 

 [3]
 

 All section references are to the Code of Civil Procedure.
 

 [4]
 

 The appellate department’s certification was for one issue only, “whether a writ rather than an appeal is the exclusive means for appellate review of a municipal court’s denial of a motion to transfer where the motion is based on a claim that the amount recoverable exceeds the municipal court’s jurisdictional limit.” For this reason, we ignore that portion of Ash’s brief addressing other issues.
 

 [5]
 

 The appellate department relied on
 
 Yousafzai,
 
 concluding that the rule applicable to superior courts ought to apply equally to municipal courts. The appellate department apparently did not consider the procedural difference between
 
 Yousafzai
 
 (an attempt to appeal from an interlocutory transfer order) and this case (an appeal from the final, appealable judgment where review is sought of the earlier transfer order). Clearly, the order itself is not appealable (§ 904.2;
 
 Milliken
 
 v.
 
 Gray, supra,
 
 276 Cal.App.2d at p. 600) and we do not mean to suggest otherwise. Our problem with the appellate department’s decision is that it fails to consider the fact the present appeal is from a final, appealable judgment. (§ 904.2.)
 

 [6]
 

 Since this case is before us solely because of the appellate department’s certification, we do not consider or decide whether the jurisdictional nature of the claimed error would provide an exception to the rule we recently announced in
 
 Vernon
 
 v.
 
 Great Western Bank
 
 (1996) 51 Cal.App.4th 1007, 1014-1015 [59 Cal.Rptr.2d 350] (where a case is dismissed based upon the plaintiff’s failure to diligently prosecute, he cannot on appeal from that order of dismissal obtain review of an earlier, nonappealable summary adjudication order that would otherwise be reviewed on appeal from a final judgment rendered on the merits of the case); compare
 
 Salinas
 
 v.
 
 Atchison, Topeka & Santa Fe Ry. Co.
 
 (1992) 5 Cal.App.4th 1, 8-9 [6 Cal.Rptr.2d 446] (earlier, nonappealable order subject to review on appeal from judgment of dismissal for failure to bring the case to trial within five years when the earlier order necessarily affected the judgment).