Opinion
 

 GODOY PEREZ, J.
 

 Appellant Ora E. Eckhart appeals from a judgment of dismissal following summary adjudication of his claims for age discrimination and breach of contract against his former employer, respondent Genuine Parts Distributors. In the published portion of this opinion, we conclude the appeal is timely, and we set forth the procedures a plaintiff with multiple causes of action should follow if he wishes to appeal from the superior court’s dismissal order after some of his claims are dismissed in superior court and the remainder of his case is transferred to municipal court. In the unpublished portion of this opinion, we affirm the trial court’s judgment.
 

 Factual and Procedural Background
 

 I
 
 *
 

 II.
 

 In June 1993, appellant filed a verified complaint in superior court alleging causes of action for age discrimination in violation of California’s Fair Employment and Housing Act (Gov. Code, § 12900 et seq,), tortious discharge in violation of public policy, breach of an implied covenant to discharge only for good cause, and violation of Labor Code sections 201 and 203 for failure to pay back wages immediately upon discharge.
 

 
 *1343
 
 In May 1994, respondent moved for summary judgment or adjudication, claiming there were no triable issues of fact. After hearing, the court found appellant’s discharge was not discriminatory because his job had been eliminated. The court also determined that appellant’s breach of contract claim failed because he offered no evidence to rebut the presumption that he was an at-will employee whose discharge did not require good cause. However, the court concluded that there was a triable issue as to appellant’s claim for back wages under the Labor Code, and therefore denied summary judgment.
 

 The court entered a minute order granting summary adjudication of the discrimination and breach of contract claims, and transferred the remainder of the action for alleged Labor Code violations to municipal court because the amount in unpaid wages was below the superior court’s jurisdictional amount. No further action was taken to enter this order as the superior court’s final judgment.
 

 In municipal court, the matter was sent to judicial arbitration, where the arbitrator issued an award in appellant’s favor in January 1995. The award was confirmed by the municipal court and entered as its final judgment with no mention of the age discrimination and breach of contract claims.
 

 In February 1995, appellant filed a notice of appeal from the superior court’s order granting summary adjudication. Appellant explained he delayed appealing until all issues between the parties, including the Labor Code claim, had been resolved as required by the “one final judgment rule.” Lacking jurisdiction to hear the appeal without a final judgment, we directed appellant to obtain a final judgment from the superior court. (Code Civ. Proc., § 904.1;
 
 Committee for Responsible Planning
 
 v.
 
 City of Indian Wells
 
 (1990) 225 Cal.App.3d 191, 195 [275 Cal.Rptr. 57] [“Lack of a final judgment is a jurisdictional defect, and we have a duty to raise it on our own motion, even if the parties do not.”].) In December 1996, the superior court entered final judgment pursuant to appellant’s request.
 

 Standard of Review
 
 *
 

 Discussion
 

 I.
 
 Appellate Jurisdiction Exists
 

 Respondent contends the appeal was untimely because appellant’s February 1995 notice of appeal was filed more than 60 days after appellant
 
 *1344
 
 received notice of the superior court’s entry of the summary adjudication order and transfer to municipal court. (See Cal. Rules of Court, rule 2 [party has 60 days after either the mailing or serving of notice of entry of judgment within which to file a notice of appeal]
 
 [1]
 
 ;
 
 Sharp
 
 v.
 
 Union Pacific R.R. Co.
 
 (1992) 8 Cal.App.4th 357, 361 [9 Cal.Rptr.2d 925] [timely notice of appeal is jurisdictional and cannot be waived];
 
 Stuart Whitman, Inc.
 
 v.
 
 Cataldo
 
 (1986) 180 Cal.App.3d 1109, 1113 [226 Cal.Rptr. 42]; Cal. Rules of Court, rule 45(e).) Respondent’s contention is unavailing, however, because the time to file a notice of appeal did not begin to run until entry of final judgment. (Cal. Rules of Court, rule 2.) Here, the superior court’s final judgment was entered in December 1996. Accordingly, the notice of appeal was premature, and we treat such premature notices as timely. (Cal. Rules of Court, rule 2(c).)
 

 Notwithstanding our finding that the appeal was timely, respondent contends that when a case is transferred to municipal court, a normally nonappealable partial summary adjudication order becomes equivalent to a final judgment from which an appeal must be taken even though no final judgment has been entered by the superior court. Respondent cites
 
 Uptain
 
 v.
 
 Duarte
 
 (1988) 206 Cal.App.3d 1258 [254 Cal.Rptr. 150], for this proposition. In
 
 Uptain,
 
 the plaintiff sued in superior court on two causes of action, one of which was dismissed upon the defendant’s motion for partial judgment on the pleadings.
 
 (Id.
 
 at pp. 1260-1261.) Because the amount in controversy for the remaining cause of action was below the superior court’s jurisdictional amount, the case was then transferred to municipal court.
 
 (Id.
 
 at p. 1260.) The question before the
 
 Uptain
 
 court was whether an appeal could be taken from the partial judgment on the pleadings, since such an order was normally interlocutory and thus nonappealable.
 
 (Id.
 
 at p. 1261.) Reasoning that the order was “tantamount” to a final judgment because the superior court had relinquished its jurisdiction in transferring the case to municipal court, the
 
 Uptain
 
 court held there was a right to appeal from the order.
 
 (Id.
 
 at p. 1262; see also
 
 Keenan
 
 v.
 
 Dean
 
 (1955) 134 Cal.App.2d 189, 191-192 [285 P.2d 300] [superior court dismissed defendant’s cross-complaint and transferred case to municipal court; appellate court found that although striking of cross-complaint was ordinarily nonappealable, transfer to municipal court meant that the order to strike was tantamount to a final judgment of dismissal and therefore appealable].)
 

 Respondent urges us to extend Uptain's holding, which established a party
 
 may
 
 file a notice of appeal from a superior court’s partial dismissal order
 
 *1345
 
 when a case is transferred to municipal court despite no actual final judgment by the superior court, to hold that a party
 
 must
 
 file a notice of appeal, or lose its right to appeal. We find, however, that
 
 Uptain
 
 conflicts with Code of Civil Procedure section 904.1, which, except in circumstances not applicable here, requires a final judgment before there is a right of appeal. (See, e.g.,
 
 Knodel
 
 v.
 
 Knodel
 
 (1975) 14 Cal.3d 752, 760 [122 Cal.Rptr. 521, 537 P.2d 353] [“The right of appeal is limited to appeals from ‘judgments’ which do not include interlocutory judgments except in particular instances not here pertinent,” citing Code of Civil Procedure section 904.1.];
 
 Committee for Responsible Planning
 
 v.
 
 City of Indian Wells
 
 (1990) 225 Cal.App.3d 191, 195 [275 Cal.Rptr. 57] [Code of Civil Procedure section 904.1 precludes appellate jurisdiction unless there is a final appealable judgment.].) Furthermore, we conclude that
 
 Uptain
 
 introduces unnecessary confusion for litigants, creating uncertainty as to the proper time to file a notice of appeal under the circumstances here. Accordingly, we reject
 
 Uptain
 
 as inconsistent with the efficient working of the judicial system and contrary to the well-established rule that a partial dismissal order is nonappealable and remains so until it becomes incorporated into a final judgment.
 

 In rejecting
 
 Uptain,
 
 we note that adequate procedures for appellate review already exist. When a superior court case is transferred to municipal court after a plaintiff’s surviving causes of action fall below the superior court’s jurisdictional amount, a plaintiff may seek writ review of any summary adjudication and transfer orders in an attempt to retain the matter in superior court.
 
 (Yousafzai
 
 v.
 
 Hyundai Motor America
 
 (1994) 22 Cal.App.4th 920, 921 [27 Cal.Rptr.2d 569] [transfer order reviewable solely through writ rather than appeal]; Code Civ. Proc., § 437c, subd. (l) [“Upon entry of [an order granting summary adjudication], a party may, within 20 days after service upon him or her of a written notice of entry of the order, petition an appropriate reviewing court for a peremptory writ.”];
 
 Jacobs-Zorne
 
 v.
 
 Superior Court
 
 (1996) 46 Cal.App.4th 1064, 1072 [54 Cal.Rptr.2d 385] [“. . . a petition for writ, not an appeal, is the appropriate means for obtaining [interlocutory] review of the order granting summary adjudication. [Citation.]”].) If the plaintiff does not seek a writ, or the writ is denied, and the plaintiff elects to appeal from the superior court’s final disposition of the matter, the plaintiff may move the superior court to enter a final judgment as to the summarily adjudicated causes of action if the court has not already entered its final judgment sua sponte. The plaintiff must then timely appeal from that final superior court judgment without waiting for the municipal court’s disposition of the remaining causes of action since courts of appeal ordinarily do not have jurisdiction over municipal court judgments, and thus there would be no purpose in delay. (See Code Civ. Proc., § 77, subd. (e) [appeals from municipal court heard by appellate department of
 
 *1346
 
 superior court]; Code Civ. Proc., §911 [describing limited circumstances under which Court of Appeal may hear appeal from municipal court]; Cal. Rules of Court, rule 61 [same].) We believe observance of such procedures allows adequate appellate review of all matters and is consistent with existing law.
 

 II., III.
 
 *
 

 Disposition
 

 The judgment is affirmed. Each side to bear its own costs on appeal.
 

 Grignon, Acting P. J., and Armstrong, J., concurred.
 

 *
 

 See footnote,
 
 ante,
 
 page 1340.
 

 *
 

 See footnote,
 
 ante,
 
 page 1340.
 

 [1]
 

 If no notice of entry of judgment is served or mailed, California Rules of Court, rule 2 also allows for filing a notice of appeal within 180 days of entry of judgment, but appellant concedes he received notice of entry of the partial summary adjudication order.
 

 *
 

 See footnote,
 
 ante,
 
 page 1340.