[No. B180683. Second Dist., Div. Seven. Mar. 1, 2006.]

CARLOS GARAU et al., Plaintiffs and Appellants, v.
TORRANCE UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

## COUNSEL

Olga H. Garau for Plaintiffs and Appellants.

Bannan, Green, Frank & Terzian, Richard R. Terzian and Robert J. Tyson for Defendant and Respondent.

## OPINION

**WOODS, J.**—Carlos, Liliana and Odalys Garau appeal from an order of the superior court reclassifying their case and transferring it to a limited jurisdiction department. On appeal from the reclassification order, appellants also claim error with respect to orders which preceded reclassification, including an order dismissing the seventh cause of action seeking a writ of mandate and an order sustaining respondent, Torrance Unified School District's demurrer to the fifth (declaratory relief) and sixth (injunctive relief) causes of action without leave to amend. Notwithstanding Code of Civil Procedure[1] section 403.080 specifies a reclassification order is reviewable on a petition for a writ of mandate, appellants claim the reclassification order here is in effect an

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

appealable "final judgment" because the transfer to the limited jurisdiction department of the superior court eliminated the right to appellate review of the dismissed causes of action for mandamus and equitable relief. We do not agree. The dismissed causes of action are beyond the appellate review powers of the appellate department of the superior court. Nonetheless, upon the timely filing of a petition for a writ of mandate under section 403.080, this court would have reviewed the superior court's order reclassifying and transferring the case to the limited jurisdiction department, and this court could have considered the superior court's actions in dismissing the fifth, sixth and seventh causes of action. Moreover, upon entry of a final judgment (in the unlimited jurisdiction department) as to the dismissed causes of action, appellants could file an immediate appeal. Consequently, because the dismissed claims would not have eluded appellate review, we will not deem the reclassification order in this case as an appealable final judgment, and accordingly we dismiss this appeal.

## *FACTUAL AND PROCEDURAL HISTORY*

In April of 2004, appellants filed a complaint against respondents, asserting seven causes of action alleging statutory, regulatory and California Constitutional violations and seeking damages, an injunction, declaratory relief and mandamus.[2] In essence, appellants claimed that in violation of the California Constitution's free public education and equal protection clauses and various statutes, respondent charged students and/or their parents for numerous services, supplies and activities.

Respondent filed a demurrer to the second, third, fourth, fifth and sixth causes of action and moved to strike portions of the complaint. Thereafter, on July 1, 2004, the superior court (Judge Fromholz presiding) stayed the first through sixth causes of action pending the resolution of the seventh cause of action for mandate in department 86 of the superior court.

On August 20, 2004, Judge Yaffe presiding in department 86 dismissed the seventh cause of action, concluding appellants lacked standing to pursue the writ. The order of dismissal also noted that the "ruling is to remain

---

[2] The seven causes of action were listed as follows:
"(1) Breach of Mandatory Duty [Gov't Code §815.6]
(2) Unlawful Solicitation [Civil Code §1716]
(3) Money Had and Received [Common Count]
(4) Violation of Equal Protection
    [California Constitution Art. I, §7, Art. IV, § 16]
(5) Declaratory Relief [C.C.P. §526a]
(6) Injunctive Relief [C.C.P. §526a]
(7) Mandamus [C.C.P. § 1085 et seq.]"

interlocutory until a final judgment is rendered with respect to the other causes of action in the plaintiffs' complaint."

Thereafter, the stay was lifted as to the other causes of action and the court considered respondent's demurrer. On October 4, 2004, Judge Fromholz issued an order sustaining the demurrer without leave to amend as to the second, fourth, fifth and sixth causes of action. With respect to the declaratory (fifth cause of action) and the injunctive (sixth cause of action) relief claims, the court concluded that they sought the same relief as the mandamus (seventh cause of action) claim and were a "rehash" of the seventh cause of action which had already been adjudicated and dismissed for lack of standing.[3]

On October 19, 2004, appellants filed a petition for writ of mandate in this court in an effort to overturn the dismissal of the seventh cause of action and to reverse the ruling as to the fifth and sixth causes of action. On October 21, 2004, this court summarily denied the petition.

At a case management conference on November 22, 2004, respondent noted that the only remaining issues in controversy involved a claim for approximately $1,600. While appellants' counsel agreed with that assessment, she also indicated her intent to seek leave to amend the complaint to raise additional issues and remedies concerning claims of wrongdoing by respondent. The court, however, stated that it would not allow an amendment to causes of action to which a demurrer had been sustained without leave to amend. Thereafter, the court, sua sponte, stated that given the limited amount in controversy the court would reclassify the case as limited civil jurisdiction and transfer it to the limited jurisdiction department of the superior court.

On December 2, 2004, appellants filed written objections to the transfer/reclassification order, arguing among other things, the reclassification was improper because they were entitled to amend their complaint to allege new facts or "rephrase their legal theories in order to obtain appropriate and necessary relief in this action, namely declaratory [relief], judgment, mandamus and injunction."[4] They argued that because those actions and forms of relief could not be pursued in a limited jurisdiction department, the unlimited

---

[3] The court also overruled the demurrer as to the third cause of action and denied the motion to strike as moot.

[4] They also argued the reclassification order was procedurally improper because appellants were not given an adequate opportunity to respond to or object to the reclassification and transfer order before it was entered.

jurisdiction department was the appropriate forum for their case and the court should not have reclassified the matter.

Appellants did not file a petition for a writ of mandate in this court to seek review of the trial court's reclassification order.

On December 9, 2004, the case was transferred and reassigned to the limited jurisdiction department. On January 3, 2005, appellants filed a motion to amend and supplement the complaint. In connection with their motion, appellants also requested that the case be reclassified and returned to the unlimited civil jurisdiction department, arguing it had been improperly transferred to the limited jurisdiction department. Respondent opposed the motion. On January 19, 2005, appellants filed their reply, requesting that the limited jurisdiction department take the motion to amend off calendar pending the resolution of an appeal in this court of the order reclassifying the case. The limited jurisdiction department granted appellants' request and stayed the proceedings.

Appellants' notice of appeal in this court (filed on January 19, 2005), indicates that it is an appeal from:

"[T]he November 22, 2004 order reclassifying this action as a limited civil case, and all other prior orders reviewable thereunder, including, without limitation, the August 20, 2004 order of Judge Yaffe dismissing the seventh cause of action (petition for writ of mandate), and the October 4, 2004 order of Judge Fromholz partially sustaining Defendant's demurrer without leave to amend.

"This appeal is taken under the authority of *Daar v. Yellow Cab [Co.]* (1967) 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732], which renders the November 22, 2004 reclassification order of Judge Fromholz an appealable final judgment of the unlimited civil portion of this case, since by severing and transferring the remaining two causes of action of Plaintiffs' Complaint to the limited civil division of the Superior Court it would otherwise eliminate the right of appeal as to the dismissed causes of action."[5]

On February 1, 2005, respondent filed a motion to dismiss the appeal on the ground the reclassification order was not an appealable order and

---

[5] In the opening brief, appellants clarified the appeal is taken *only* from the reclassification order. Appellants note the appeal "is not taken directly from [the August 20, 2004 order or the October 4, 2004 order], because these two interlocutory orders leading up to the [reclassification] order were not appealable until the latter occurred and became a final judgment . . . in turn making these two underlying orders also reviewable."

consequently, this court lacked jurisdiction to consider appellants' appeal. Appellants opposed the motion. This court subsequently deferred consideration on the motion to dismiss and invited the parties to submit additional arguments and authority on the issue of appealability in connection with the briefs on the merits.

## DISCUSSION

Appellants urge the court to review the merits of the appeal, arguing the reclassification order should be treated as an appealable final judgment because in transferring the case to the limited jurisdiction department of the superior court the dismissed mandamus and equitable relief claims will otherwise forever evade appellate review. We disagree. As we shall explain, the reclassification order was subject to appellate review through a writ proceeding pursuant to section 403.080. Appellants could also have requested review of the orders dismissing the mandamus and equitable claims in connection with the section 403.080 writ proceeding. In our view, nothing about the dismissed claims serves to transmute the reclassification order into a final appealable judgment.

■ In general, the right to an appeal is entirely statutory; unless specified by statute no judgment or order is appealable. "Because the Legislature has complete control over the right to appeal, it can restrict, change, withhold or even abolish that right." (*In re Taya C.* (1991) 2 Cal.App.4th 1, 7 [2 Cal.Rptr.2d 810].)

Regarding appellate review of a reclassification order, the statutory scheme governing jurisdictional classification of civil cases states, in pertinent part: "When an order is made by the superior court granting or denying a motion to reclassify an action or proceeding pursuant to Section 403.040, the party aggrieved by the order may, within 20 days after service of a written notice of the order, petition the court of appeal for the district in which the court granting or denying the motion is situated for a writ of mandate requiring proper classification of the action or proceeding pursuant to Section 403.040." (§ 403.080.)

■ In 1994, this court, interpreting section 403.080's predecessor statute, section 400,[6] dismissed an appeal from a reclassification order, concluding a "writ rather than an appeal is the *exclusive vehicle* allowing an appellate court to review a trial judge's transfer [order]." (*Yousafzai v. Hyundai Motor*

---

[6] Section 403.080, enacted in 1999, was predated by section 400, enacted in 1961. Section 403.080 is identical to the former section 400 in all relevant respects.

*America* (1994) 22 Cal.App.4th 920, 926 [27 Cal.Rptr.2d 569].) In our view, the analysis of section 400 in *Yousafzai* also applies to section 403.080.

We do not agree with appellants' argument that section 403.080 governs only where a motion to reclassify is made by one of the parties. By its terms section 403.080 applies to all motions to reclassify made pursuant to section 403.040; and motions to reclassify under section 403.040 can be made by one of the parties or by the court sua sponte.[7]

In addition, we also reject appellants' contention section 403.080 is not the exclusive appellate remedy (for reclassification orders) because it states "the party aggrieved by the order *may*, petition the court of appeal for a writ of mandate." Such an interpretation is undermined by the history of the section 403.080's predecessor, section 400. As we clearly explained in *Yousafzai*, prior to 1961 transfer orders were expressly appealable pursuant to statute, namely section 963. However, in enacting section 400, the Legislature amended section 963, and eliminated the right to appeal from a transfer order. In its place the Legislature enacted section 400 authorizing the review of transfer orders by writ of mandate.

In sum, we conclude in accord with *Yousafzai,* an order reclassifying a case is *not* an appealable order; a party seeking appellate review of such an order must file a timely petition for a writ of mandate pursuant to section 403.080. Here appellants did not file a petition for a writ of mandate to obtain review of the reclassification order. If this were a routine reclassification case similar to *Yousafzai* where the reclassification order results are solely on the appraisal of the value of the cause of action transferred, our analysis would conclude here and we would dismiss the appeal.

But appellants contend that this is not the typical reclassification case described in *Yousafzai*. They argue that this case was subject to reclassification not simply because the amount in controversy fell below the jurisdictional minimum of the unlimited civil jurisdiction department, but instead because of the court's dismissal of the mandamus and equitable relief claims. Appellants correctly point out that once the matter is transferred to the limited jurisdiction department, the dismissed claims cannot be reviewed in

---

[7] Section 403.040 provides in pertinent part: "The plaintiff, cross-complainant, or petitioner may file a motion for reclassification within the time allowed for that party to amend the initial pleading. The defendant or cross-defendant may file a motion for reclassification within the time allowed for that party to respond to the initial pleading. The court, on its own motion, may reclassify a case at any time."

the appellate department of the superior court. Thus, appellants insist this court must deem the reclassification order in this case an appealable "final judgment" because otherwise the orders sustaining the demurrer to the equitable claims and dismissing the claim for mandamus will elude appellate review altogether.

As authority for this proposition, appellants primarily rely upon *Daar v. Yellow Cab Co., supra,* 67 Cal.2d 695—a case we discussed (and distinguished) in *Yousafzai. Daar* was filed as a class action complaint. The trial court sustained a demurrer without leave to amend which dismissed all class members from the action with the exception of the named plaintiff. In the same order the superior court transferred the matter to the municipal court determining the plaintiff could neither maintain a class action nor state damages that met the jurisdictional minimum of the superior court. The plaintiff filed an appeal of the order sustaining the demurrer without leave to amend *and* transferring the matter to the municipal court. (*Id.* at p. 698.)

The Supreme Court, while acknowledging the general rule an order sustaining a demurrer without leave to amend is not an appealable "final order," nonetheless concluded that when the case was transferred to the municipal court, the "legal effect" of the order sustaining the demurrer was "tantamount to a dismissal of the action as to all members of the class other than the plaintiff." The Court observed that the order sustaining the demurrer "virtually demolished the action as a class action. *If the propriety of such disposition could not now be reviewed, it can never be reviewed.*" (*Daar v. Yellow Cab Co., supra,* 67 Cal.2d at p. 699, italics added.) The rationale behind the Supreme Court's characterization of the order as a final judgment stemmed from the concern that absent such characterization, the court's action in sustaining the demurrer as to those dismissed plaintiffs would forever escape appellate review.

Here, however, in contrast to *Daar,*[8] appellate review of the court's orders was available. Had appellants timely filed a petition for a writ pursuant to

---

[8] While section 400 and the availability of writ review of transfer orders predate *Daar,* the *Daar* court makes no mention of section 400 nor does it contain a discussion of the availability of writ review of such orders. Our reexamination of *Daar* convinces us the court's comments about the availability of appellate review, and its silence as to statutory writ review, are attributable to the fact that writ review was not a relevant consideration in that case. The *Daar* court's primary concern was the demurrer and the fate of the dismissed class plaintiffs. Those dismissed plaintiffs were directly aggrieved by the order sustaining the demurrer as it removed them from the case and terminated the action as to the class. The class plaintiffs' case was final irrespective of the transfer to the municipal court. Once dismissed these class plaintiffs could not have sought writ review of the transfer order under the former section 400 because their case was over and they were no longer parties in the remaining transferred action. The *Daar* court's decision to characterize the order sustaining the demurrer a final judgment is based on the recognition that absent an immediate right to appeal, those plaintiffs would lose all

section 403.080 appellants would have obtained appellate review of the reclassification order. In addition, appellants could have requested review of, and this court could have exercised its discretion to review, the orders dismissing the equitable claims and mandamus in the section 403.080 writ proceeding.

In the alternative, appellants could obtain appellate review of the summarily adjudicated actions on direct appeal from a final judgment as to those claims. As Division Five of this court explained in a related context in *Eckhart v. Genuine Parts Distributors* (1997) 53 Cal.App.4th 1340, 1345 [62 Cal.Rptr.2d 487]: "When a superior court case is transferred to municipal court after a plaintiff's surviving causes of action fall below the superior court's jurisdictional amount, a plaintiff may seek writ review of any summary adjudication and transfer orders in an attempt to retain the matter in superior court. [Citations.] If the plaintiff does not seek a writ, or the writ is denied, and the plaintiff elects to appeal from the superior court's final disposition of the matter, the plaintiff may move the superior court to enter a final judgment as to the summarily adjudicated causes of action if the court has not already entered its final judgment sua sponte. The plaintiff must then timely appeal from that final superior court judgment without waiting for the municipal court's disposition of the remaining causes of action since courts of appeal ordinarily do not have jurisdiction over municipal court judgments, and thus there would be no purpose in delay."

The *Eckhart* court concluded "observance of such procedures allows adequate appellate review of all matters and is consistent with existing law." (*Eckhart v. Genuine Parts Distributors, supra,* 53 Cal.App.4th at p. 1346.) We agree. Though *Eckhart* preceded unification of the superior and municipal courts, its solution, if a bit unwieldy, remains legally viable.

In short, the rationale underlying the *Daar* court's recognition of the right to appeal from an otherwise nonappealable order is simply not served where,

---

opportunity to obtain review of the order dismissing them from the action. Thus, in our view *Daar* involves a unique situation concerning class action claims, recognizing the right to an immediate appeal for dismissed class claimants. In fact, subsequent case law interpretations of *Daar* indicate the legacy of the case is *not* that reclassification/transfer orders are, standing alone, appealable final orders. Instead, *Daar* is cited as the original authority for an exception to the one-final-judgment rule for certain "death knell" orders relating to class actions. (See, e.g., *Stephen v. Enterprise Rent-A-Car* (1991) 235 Cal.App.3d 806, 811 [1 Cal.Rptr.2d 130].)

as here, adequate procedures for appellate review already exist.[9] Consequently, we do not agree with appellants that *Daar* applies to this case to render the reclassification order a final appealable order.[10]

In view of all of the foregoing, we must dismiss this appeal from the order reclassifying and transferring the case to the limited jurisdiction department.[11] (*Supple v. City of Los Angeles* (1988) 201 Cal.App.3d 1004, 1009 [247 Cal.Rptr. 554] ["If the judgment or order appealed from is not an appealable order, it is the duty of the court, on its own motion, to dismiss the appeal."].)

---

[9] Likewise none of the other cases appellants cite convince us that we should treat the reclassification order as an appealable final judgment or order. Specifically, appellants cite *Keenan v. Dean* (1955) 134 Cal.App.2d 189, 192 [285 P.2d 300], which concerned the appealability of an order striking a cross-complaint, not as here, the appealability of an order transferring the case to the municipal court. In addition, *Keenan* predates the enactment of section 400. At that time a party had a right to file a direct appeal from a transfer order.

Appellants also rely on another factually distinguishable case—*Uptain v. Duarte* (1988) 206 Cal.App.3d 1258 [254 Cal.Rptr. 150]—an appeal from an order granting a motion for a partial judgment on the pleadings. The *Uptain* court concluded that the order granting a partial judgment on the pleadings was "tantamount to a final judgment" and thus an appealable order because once the remaining claims were transferred to the municipal court, the propriety of the court's order granting the motion on the pleadings could not be reviewed by the appellate department of the superior court. (*Id.* at pp. 1261–1262.) We note that the only authority the *Uptain* court cites for this proposition is *Keenan*—a relic from an era when a party had a statutory right to appeal from a transfer order. In addition, *Uptain* has subsequently been rejected in *Eckhart* precisely because adequate writ procedures existed to review an order eliminating causes of action and transferring the case. (See *Eckhart v. Genuine Parts Distributors, supra*, 53 Cal.App.4th at p. 1345.) In fact, the *Eckhart* court dismissed *Uptain* "as inconsistent with the efficient working of the judicial system and contrary to the well-established rule that a partial dismissal order is nonappealable." (*Ibid.*) In our view, after the enactment of statutes empowering parties to seek writ review of reclassification/transfer orders *Keenan* and *Uptain* have minimal persuasive value.

[10] Appellants have not convinced us to exercise our discretion to construe the appeal as a petition for writ of mandate. As discussed elsewhere, appellants had an adequate appellate remedy. (See *Bishop v. Merging Capital, Inc.* (1996) 49 Cal.App.4th 1803, 1808 [57 Cal.Rptr.2d 556], citing *Olson v. Cory* (1983) 35 Cal.3d 390, 400 [197 Cal.Rptr. 843, 673 P.2d 720] [where appellants fail to show they lack an adequate remedy courts need not treat a nonappealable order as a writ petition].) Appellants simply have chosen not to pursue the available remedies. Were we to act otherwise—to treat this appeal as a writ petition—we would be allowing appellants to do an end-run-around section 403.080. We decline to assist in that effort.

[11] Similarly we will not consider this appeal as being from the August 20, 2004, order dismissing the writ of mandate or the October 4, 2004, order sustaining the demurrer as to the declaratory relief and injunctive claims. In their opening brief, appellants expressly limited this appeal to the reclassification order. In addition, absent a final judgment in the unlimited jurisdiction department as to these claims, we lack the appellate jurisdiction to consider them. (See § 904.1; *Eckhart v. Genuine Parts Distributors, supra*, 53 Cal.App.4th at pp. 1345–1346.)

## *DISPOSITION*

Appeal dismissed. Respondent is entitled to its costs on appeal.

Johnson, Acting P. J., and Zelon, J., concurred.

A petition for a rehearing was denied March 31, 2006, and appellants' petition for review by the Supreme Court was denied May 24, 2006, S142561.