Filed 11/27/23  Baul v. Alvarez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AUSTIN BAUL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MARIANO A. ALVAREZ, et al.,<br><br>    Defendants and Respondents. | B317760<br><br>(Los Angeles County Super. Ct. No. 20STCV45635) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle Williams Court, Judge.  Affirmed.

Austin Baul in pro. per. for Plaintiff and Appellant.

Law Offices of Mariano A. Alvarez and Mariano A. Alvarez, for Defendants and Respondents.

_____

We dismiss this appeal because it is from a nonappealable, unsigned minute order.

### *PROCEDURAL BACKGROUND*

This matter involves a long-standing dispute over control of a nonprofit corporation, the Filipino American Community of Los Angeles, Inc. (FACLA), and its real property located in Los Angeles. In 2020, after several other lawsuits between the parties, Austin Baul filed a derivative action on behalf of FACLA in case no. 20STCV24533 (24533 matter). The trial court, on its own motion, struck his complaint because it failed to comply with the pleading requirements for a derivative action under Corporations Code section 5710. The court dismissed the 24533 matter without prejudice.

Rather than seeking appellate review of the dismissal or commencing a new action with a complaint that did not contain the defects of the complaint in the 24533 matter, Baul filed the same complaint against the same defendants in new case no. 20STCV45635 (45635 matter) with a new judge. Defendants moved to strike the complaint and requested monetary sanctions under Code of Civil Procedure section 128.7. The court in the 45635 matter granted the motion, struck the complaint, and dismissed the matter without prejudice. Baul appealed from the December 13, 2021 minute order. This is the ruling that is the subject of this appeal.

On November 8, 2023, we invited the parties to submit supplemental briefs addressing whether Baul has appealed from an appealable order pursuant to Code of Civil Procedure section 581d. On November 16, 2023, Baul filed a letter brief arguing that the court's December 13, 2021 order was final because it resolved all issues in the case. Baul acknowledged that if we find

the order does not fulfill the requirements of Code of Civil Procedure section 581d, his appeal may be subject to dismissal. Respondents did not file a supplemental brief.

### *DISCUSSION*

"In general, the right to an appeal is entirely statutory; unless specified by statute no judgment or order is appealable." (*Garau v. Torrance Unified School Dist*. (2006) 137 Cal.App.4th 192.)  Appellate courts cannot consider an appeal taken from a nonappealable judgment or order.  This is a jurisdictional principle.  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  A dismissal order is appealable as a final judgment when the order complies with Code of Civil Procedure section 581d.  (*City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 157.)  Section 581d provides:  "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered.  [¶]  All dismissals ordered by the court shall be in the form of a written order *signed by the court* and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case."  (Code Civ. Proc., § 581d [italics added].)

Here, Baul appeals from an order that is not signed by the court.  Without a signed order of dismissal (or a judgment), we lack jurisdiction to hear this appeal and must dismiss it.  (*Munoz v. Florentine Gardens* (1991) 235 Cal.App.3d 1730, 1732.)

### *DISPOSITION*

The appeal is dismissed.  Respondents are awarded their costs on appeal.

RUBIN, P. J.

WE CONCUR:

MOOR, J.

KIM, J.

4